UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME T. DUNBAR, : | |
|     Plaintiff, : | |
| : | |
| v. : | NO. 3:05cv534 (MRK) |
| : | |
| PATRICK CARROLL & : | |
| THOMAS McKIRDY, : | |
|     Defendants. : | |

**RULING AND ORDER**

Plaintiff Jerome T. Dunbar brings this suit *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Judge Patrick Carroll of the Connecticut Superior Court, and public defender Thomas McKirdy. Mr. Dunbar seeks injunctive and declaratory relief from orders entered by Judge Carroll in an ongoing state criminal proceeding against Mr. Dunbar, which denied Mr. Dunbar's application for a public defender, ordered Mr. Dunbar's re-arrest for failure to appear, and declined to vacate the arrest order for failure to appear. Mr. Dunbar further seeks to enjoin Mr. McKirdy from allegedly conspiring with Judge Carroll and other government officials to deprive him of his right, as an indigent facing criminal charges, to a public defender.[1] Currently pending before the Court are Judge Carroll's Motion to Dismiss [doc. #13], Mr. Dunbar's Motion for a Preliminary Injunction and Temporary Restraining Order [doc. #4], and Mr. Dunbar's Motion to Amend/Correct Response to Motion to Dismiss [doc. #20].

Unfortunately for Mr. Dunbar, as pointed out in Judge Carroll's Motion to Dismiss [doc. #13],

---

[1] In particular, Mr. Dunbar asks this Court for declaratory judgments that: he is an indigent entitled to appointed counsel under state and federal law; Judge Carroll is without authority to deny him such assistance; Judge Carroll and Thomas McKirdy continue to deprive him of his right to assistance of counsel; the West Haven Police did not have probable cause to arrest him for theft; and that he filed an internal affairs complaint against Detective Brian Reilly for false arrest and other offenses. He also seeks orders enjoining Judge Carroll and Attorney McKirdy from conspiring to deprive, and actually depriving him, of his right to counsel, and further enjoining Judge Carroll from retaliating against him via a false charge of failure to appear.

his suit in federal court suffers from multiple defects, at least one of which is fatal to all of his claims. Although, as a *pro se* plaintiff, Mr. Dunbar has no reason to know it, the United States Supreme Court is the only federal court that is authorized to hear appeals from the judgments of state courts, except by way of a petition for habeas corpus.[2] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S.Ct. 1517, 1526 (2005) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court."); *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) ("[Lower federal courts] lack subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of certiorari petition to the Supreme Court.").

What this means is that this Court does not have authority to hear Mr. Dunbar's case if it "[c]omplains of injury from the state-court judgment and seeks review and rejection of that judgment," unless "it raises some independent claim." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005) (internal quotation marks omitted). Although Mr. Dunbar alleges violation of his federal constitutional right to counsel, and, construed generously, perhaps also his rights to due process and freedom from unreasonable seizures, those claims are not independent of the state court judgments

---

[2] Although this Court construes Mr. Dunbar's *pro se* complaint liberally, focusing on his factual claims rather than the niceties of legal pleading, *see Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005), it does not appear that Mr. Dunbar intended to request habeas relief. The central theme of his Complaint is denial of the right to counsel, with only passing and conclusory mention of an alleged insufficiency of probable cause for his arrest. However, the Court notes that even were it to construe Mr. Dunbar's Complaint as a petition for writ of habeas corpus, the petition would fail for two reasons: first, because it would be asking this Court to interfere with an on-going state criminal prosecution, which the Court may not do under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971); and second, because Mr. Dunbar has not alleged that he has attempted to exhaust his state court remedies, or that to do so would be futile. *See* 28 U.S.C. § 2254(b)(1)(A); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir.2005) (A prerequisite to habeas relief under Section 2254 is that a petitioner must have " 'fairly presented his [or her] claims to the state courts." ') (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

because the constitutional harms alleged stem directly from Judge Carroll's orders. *See Hoblock*, 422 F.3d at 87-88.  That is, the orders to which Mr. Dunbar objects did not, like the example provided by the Second Circuit in *Hoblock*, merely decline to remedy a harm caused by a third-party, *id.* at 88, but themselves created the harms of which Mr. Dunbar complains.

Mr. Dunbar clearly feels that he has been wronged by the legal process, but the proper place for him to pursue his claims is the Connecticut Appellate Court, not a federal district court. In sum, because the declaratory and injunctive relief that Mr. Dunbar seeks would require this Court to "review and reject[]" "state-court judgments rendered before the district court proceedings commenced" that directly cause the constitutional injuries of which he complains, *Exxon Mobil* at 1522, this Court is without authority to hear his claims, and Mr. Dunbar's suit must be DISMISSED for lack of subject matter jurisdiction.

For the reasons explained above, Defendant Carroll's Motion to Dismiss [doc. #13] is GRANTED, Mr. Dunbar's Motion for a Preliminary Injunction  [doc. #4] is DENIED, Mr. Dunbar's Motion for a Temporary Restraining Order [doc. #4] is DENIED, Mr. Dunbar's Motion to Amend/Correct Response to Motion to Dismiss [doc. #20] is DENIED AS MOOT, and **the Clerk is directed to enter judgment for both defendants on all counts and to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 3, 2005**.